# CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Marie Annette Wellington

v.

Stephen P. Corcoran
and Nancy D. Dandrow

May 1, 2000

Case No. CH00-46

BY JUDGE JOHN W. SCOTT, JR.

This matter comes before the Court on the Demurrer of the defendants, Stephen P. Corcoran and Nancy D. Dandrow, husband and wife, to the plaintiff's, Marie Annette Wellington's, Bill of Complaint. The defendants' demurrer asserts that the bill of complaint does not set forth a cause of action which could result in an award of the specifically requested release, the reformation of an easement "to correctly reflect the intent of the parties" based on "mutual mistake."

For purposes of the demurrer, the facts as set forth in the bill of complaint are accepted as true. The plaintiff took title to the subject real estate by Deed dated May 29, 1996, from Ann B. Gale. This Deed is recorded in the Clerk's Office of the Circuit Court for the City of Fredericksburg in Deed Book 290 at page 595 and states in pertinent part:

> All that certain lot, piece, or parcel of real estate with all rights and privileges thereto appurtenant and all buildings and improvements thereon situate, lying, and being in the City of Fredericksburg, Virginia, known as Lot 10, Block E, on the Map and Plat of Hanover Heights Development Company, Inc., by L. J. Houston, Jr., City Surveyor, dated April 27, 1928, of record in the Clerk's Office of the Circuit Court of the City of Fredericksburg, Virginia, in Deed Book 61, page 426.

The defendants took title to the following described real estate by deed dated June 9, 1998, from Thomas J. Kelly, III, and Reina Kelly; this Deed is recorded in the aforementioned Clerk's Office in Deed Book 311 at page 646 and describes the real estate conveyed therein as follows:

> All that certain lot, piece, or parcel of real estate with all rights and privileges thereto appurtenant and all buildings and improvements thereon situate, lying, and being in the City of Fredericksburg, Virginia, known as Lot 9, Block E, on the Map and Plat of Hanover Heights Development Company, Inc., by L. J. Houston, Jr., City Surveyor, dated April 27, 1928, of record in the aforesaid Clerk's Office in Deed Book 61, page 426.

Both of these parcels of real estate were taken, subject to a certain easement dated December 10, 1986, between Ann M. Bullard and Thomas and Reina Kelly, husband and wife. This easement is recorded in the Clerk's Office of the Circuit Court for the City of Fredericksburg in Deed Book 208 at page 318. This document purports to grant an easement, five feet in width over each lot from Marye Street to the rear lot line and parallel to the common lot lines as shown on a survey by R. Wayne Farmer, C.L.S., dated April 14, 1993, and recorded with the subject easement. These common lines include the westerly line of lot 10 and the easterly line of lot 9.

The plaintiff asserts that the intent of the parties to the easement was to create a joint driveway between the residences located on the respective lots, necessitated by the narrowness of the spaces between the residences. The plaintiff further asserts, there was no intent to extend the easement beyond the end of the common concrete apron at the end of the separation of the concrete driveways, nor was there an intent to extend the easement through or to the garages located on each lot toward the rear property lines. Consequently, the easement should be reformed to correct this mutual mistake of fact. The defendants argue that the demurrer should be sustained because reformation is only awarded to the original parties of the writing and those in privity with them. In this case, neither the plaintiff nor defendants are parties to the easement, nor are they in horizontal privity with their predecessors in title.

## Opinion

The equitable relief of reformation provides relief against a mistake of fact in a written instrument in only two instances. The first is where the mistake is mutual. That is, both parties sign an instrument mistakenly believing it reflects

an antecedent bargain. The second is where there is a mistake by only one party, that is, the mistake is unilateral, and it is accompanied by misrepresentation and fraud perpetrated by the other. *Ward v. Ward*, 239 Va. 1, 5 (1990). In this case, there is no allegation of a unilateral mistake, fraud, or misrepresentation. The plaintiff claims that there was a mutual mistake by the parties to the easement. The easement was executed in 1986 by Ann M. Bullard Gale and Thomas and Reina Kelly, husband and wife. Neither is a party to this litigation.

There is no allegation that the defendants in this case perpetrated a fraud or misrepresentation of any kind. Furthermore, the defendants were not parties to the easement, but did take title subject to its benefits and/or restrictions as they appeared in the chain of title.

Plaintiff argues that the Supreme Court has recognized not only the concept of horizontal privity, but has extended the doctrine to include a form of "vertical privity" in the cases of *Sloan v. Johnson*, 254 Va. 271 (1997), and *Sonoma Development, Inc. v. Miller*, 258 Va. 163 (1999). In each of these cases, the Supreme Court permitted the claim of a successor in title to proceed through an action for declaratory judgment seeking the enforcement of certain restrictive covenants. Neither of these cases alleged any form of mutual mistake or fraud, nor did the plaintiffs seek "reformation." The plaintiff asserts that as a consequence of this doctrine of "vertical privity," the parties in this litigation are in privity through the chain of title with the parties to the disputed easement and, therefore, are appropriately before this court in an action seeking the reformation of that easement.

This Court does not agree with the plaintiff's application of "vertical privity" to establish standing to seek the reformation of an easement. The Supreme Court, in *Sloan* and *Sonoma*, applied the doctrine of "vertical privity" to allow successors in title with the creators of certain restrictive covenants, which were deemed to "run with the land," to enforce those covenants which were clearly in the chain of title. In this case, the plaintiff seeks to modify a document in the defendants' chain of title, which the defendants, as *bona fide* purchasers of real estate, had an absolute right to rely on. In fact, the plaintiff acknowledges that both parties in this case took title subject to this easement.

The right to enforce privileges and restrictions, which are clearly a part of a chain of title, should be given through the doctrine of "vertical privity." However, the option to modify a chain of title, as in this case, fourteen years after the disputed document was created and recorded, and directly affect subsequent *bona fide* purchasers, who have no knowledge of these potential

claims, would destroy the integrity and reliability of Virginia's long standing "record notice" doctrine.

It is therefore, adjudged, ordered, and decreed that the Demurrer is sustained.